HONORABLE RONALD B. LEIGHTON

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DENISE HEAPHY and JEFF CHILDS on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE CO. and STATE FARM FIRE AND CASUALTY COMPANY,<br><br>    Defendants. | Case No. C05 5404RBL<br><br>ORDER DENYING PLAINTIFFS' MOTION TO REMAND |

This matter is before the court on the plaintiffs' Motion to Remand this matter to state court [Dkt. # 14].

The underlying case was filed in Washington State court by Denise Heaphy and Michael Chad Knesek[1] on August 10, 2001. Purporting to represent a nationwide class of insureds, Plaintiffs claimed that State Farm had (1) failed to disclose to its insureds their right (under their UIM policies) to recover for the post accident, post repair "diminution in value" of cars involved in certain types of accidents, (2) failed to determine the amount of such diminished value, and (3) failed to pay its insureds the amount of diminution in value, as measured by the difference in the value of the automobile before the loss and following the repairs. The initial complaint asserted that Heaphy owned her vehicle, and she purported to represent a class of similarly situated

---

[1]Plaintiff Knesek voluntarily withdrew his complaint prior to the arbitration, and the Plaintiffs dismissed one of the original defendants, State Farm Indemnity, because the court did not have jurisdiction over that entity.

1  owners.

2       The matter was litigated[2] in state court, and ultimately Plaintiff Heaphy was forced to arbitrate her

3  claims.  Because Heaphy did not actually own (but rather leased)  her vehicle at the time of the accident, the

4  arbitrator denied Heaphy's breach of contract claim for diminution damages.  The arbitration award was issued

5  in late April 2005, and State Farm sought to have it confirmed as a judgment in state court.  Immediately prior

6  to the confirmation hearing, Plaintiffs filed a "first amended complaint" ("FAC").  By the time they did so, the

7  Class Action Fairness Act of 2005 ("CAFA") had become law,  expanding this court's diversity jurisdiction.

8  The state court confirmed the arbitration award against Heaphy[3] as a judgment, and State Farm then removed

9  the action to this court.

10      The FAC contained many of the same allegations as the initial complaint, though Heaphy now

11 purported to represent a class of those who leased their vehicles.  Additionally, it: (1) again named State Farm

12 Indemnity as a defendant (mistakenly, plaintiffs now claim); (2) added Jeff Childs as a plaintiff, purporting to

13 represent a class of insureds who owned vehicles which had suffered diminution in value losses covered by

14 their UIM policies, but which had not been paid by State Farm; (3) added factual allegations based on Plaintiff

15 Childs' January 2005 accident, and his claim that State Farm subsequently failed to disclose his right to,

16 determine the amount of, and pay the diminution losses he suffered; and (4) added three new causes of action

17 (including consumer fraud).

18      Plaintiffs seek a remand of this action to state court.  They argue primarily that under CR 15, the FAC

19 "relates back" to the date of the initial filing, August, 2001, and the CAFA therefore does not apply to it.

20 Plaintiffs also argues that because the amended claims relate back, the removal was untimely, and that there

21 is no basis for this court's jurisdiction absent  CAFA.

22      State Farm opposes remand.  It argues first that the FAC is a "new action" because Heaphy had already

23 lost on all of her claims at arbitration at the time the FAC was filed.  Accordingly, it claims, there was not a

24

25

26       [2]The  state  court trial judge refused to order arbitration of Heaphy's claims, and State Farm
27 successfully appealed.  The Supreme Court denied Plaintiff's Petition for Review and all of Heaphy's claims
   were arbitrated.  State Farm prevailed on all issues.

28       [3]In a separate filing, State Farm seeks dismissal of Heaphy's claims here, based on the adverse
   arbitration result.  The parties and the court agree that the current Motion to Remand should be resolved prior
   to resolution of other motions.

"live" (pending) action to be amended[4] at that time – the FAC is literally (or at least effectively) a new action, subject to the law as of the date of filing.  It also argues that the FAC commenced a new action (and does not relate back to the date of the initial complaint in any event) because it involves new and different parties, factual allegations, and substantive claims.

### 1.     Standards for removal and remand.

The parties differ on their view of the standards and burdens applicable to state Farm's removal and Plaintiffs' proposed remand of this action. Plaintiffs cite well-established rules placing a heavy burden on the removing party to demonstrate that the case belongs in federal court.  It is generally true that the party asserting federal jurisdiction has the burden of proof on a motion to remand to state court. *See*, for example, *Conrad Associates v.  Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196 (N.D. Cal.  1998).  The removal statute is strictly construed against removal jurisdiction.  The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing removal is proper. *Conrad*, 994 F. Supp. at 1198.  It is obligated to do so by a preponderance of the evidence.  *Id.*  at 1199; *see also Gaus v. Miles*, 980 F.2d 564, 567 (9th Cir. 1992).  Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Id.*  at 566.

State Farm argues that the CAFA changed these presumptions and burdens in cases involving class actions, a point that appears to be correct in light of the legislative history of CAFA and the commentators cited in State Farm's briefing at pages 5-7.   It is clear that Congress intended CAFA as an expansion of this court's jurisdiction, and a vehicle for directing class action lawsuits to federal court.  Furthermore, whichever side has the burden of proof, the factual context of the removal issue is not actually in dispute.  Left for the court's determination are the legal implications of those facts.

It is worth pointing out that the parties have expressly and implicitly accused each other of procedural gamesmanship, and each has carefully pointed out the various foot faults of the other.  It is apparent that State Farm wants out of Pierce County as badly as Plaintiffs wish to stay in that jurisdiction.  The court is not

---

[4]State Farm argues also that the amendment was improper because it was done without leave of court, but Plaintiffs allege without rebuttal that State Farm failed to answer the initial complaint during the four year pendency of the state court action. Thus, under CR 15, the "amendment" may not have required leave of court. However, as State Farm argues, Pierce County Local Rule 4 also set a date, long passed by the time the FAC was filed, for the joinder of claims or parties.  It is not clear whether State Farm raised this point with the trial court, but it seems unlikely that the court would have permitted the addition of new claims and parties following an adverse adjudication.  In any event, the arbitration award was confirmed and the matter was removed before the trial court had an opportunity to address this issue.

ORDER
Page - 3

1  particularly offended by, and is not persuaded by, the tactical maneuvering evident in the procedural history
2  of this case.

3     **2.     Ms. Heaphy's initial complaint was fully adjudicated by the time the FAC was filed.**

4        The novelty presented by the case is that because State Farm prevailed in its attempt to have Ms.
5  Heaphy arbitrate her breach of contract claims, the initial state court litigation was technically still pending (if
6  only to formally confirm the arbitration award) following its victory in that alternate forum.  Though all of the
7  claims originally asserted by Ms. Heaphy had been conclusively adjudicated against her as of the date of the
8  award, there was a complaint "pending" in state court at that time, and at the time she sought to amend her
9  complaint, prior to confirmation of the arbitration award.

10        The issue, then, is whether there was in fact a "live" pleading to be amended at the time of the FAC.
11  In essence, Plaintiffs argue that even if Heaphy's original claims were "dead" as of the date of the FAC, the
12  class allegations remained, and were viable.

13        This reasoning is flawed for at least two reasons.  The Washington Court of Appeals had already
14  rejected Heaphy's argument that her claims were amenable to class action treatment.  *See Heaphy v. State*
15  *Farm*, 117 Wn. App. 438, 447 (12003).  Because of this, and the fact that Heaphy had already lost on all of
16  her claims by the time the FAC was filed, there was not at that moment in time any class action pending.  As
17  State Farm points out, if the named representative plaintiff has no claim, the matter cannot proceed (and must
18  be dismissed), even if the class itself theoretically continues to have an actionable claim.  See *Washington*
19  *Education Assoc. v. Shelton School District No. 93*, 93 Wn.2d 783, 790 (1980); *Boyle v. Madigan*, 492 F.2d
20  1180, 1182 (9th Cir. 1974).

21        As of the date of the arbitration award, Heaphy had no claims remaining, and the theoretical existence
22  of a class which did have viable claims does not resurrect her claims, or keep the class action "alive" and
23  awaiting the appointment of additional representatives (or the assertion of new claims). Heaphy may or may
24  not have had the right to assert new claims arising out of the same transaction at the time she sought to do so
25  (an issue that will await another day) but any new pleading seeking to assert such claims was necessarily a new
26  action, and did not relate back to her original, fully adjudicated complaint.

27     **3.     The FAC commenced a new action under CR 15**.

28        State Farm also argues that whether or not the initial complaint was "alive" at the time the FAC was
filed, the action sought to be commenced on that date was a new one under CR 15 and it therefore did not

1    relate back to the date of the initial filing in 2001.

2         CR 15(c)[5] provides:

3

4         Whenever the claim or defense asserted in the amended pleading arose out of the conduct,
     transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment
5    relates back to the date of the original pleading. An amendment changing the party against whom a claim is
     asserted relates back if the foregoing provision is satisfied and, within the period provided by law for
6    commencing the action against him, the party to be brought in by amendment (1) has received such notice
     of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and
7    (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the
     action would have been brought against him.
8

9         State Farm argues that the FAC does not relate back to the date of Heaphy's initial filing for several

10   reasons.  First, it argues that the FAC added a new defendant, State Farm Indemnity.  This was apparently

11   an oversight on the part of the plaintiffs, and they quickly dismissed that defendant.  The court does not

12   believe that the remand question can or should turn on the short lived,  mistaken addition of a related party

13   (who was in fact initially a party).  Plaintiffs did not and do not intend to assert claims against a "new

14   defendant" and naming Indemnity in the FAC does not, in and of itself, defeat the Motion to Remand.

15

16        State Farm's other arguments, however, are more substantive and more persuasive.   The FAC

17   does seek to add a new plaintiff, asserting claims on behalf of those who (unlike Heaphy) owned their

18   insured vehicles.  Plaintiffs claim that the class allegations related to that new Plaintiff, Mr. Childs, existed

19   in the original complaint, but he was not a class representative at that time.  He was not even a member of

20   class at that time, despite Plaintiffs' allegations to the contrary.  His accident did not occur until January

21   22, 2005 – less than month prior to the CAFA's effective date.  The factual conduct related to his personal

22   claim – "repeated" inspections and "several" attempts to get the car repaired, and his efforts to obtain

23   diminution in value damages under his UIM policy – could not have occurred until some time later[6], and

24

25

26   _____

27        [5]With the notable exception of the applicability of CAFA, the parties seem to agree that the resolution
     of the "relation back" issue is the same under Washington or Federal law.
28

          [6]It must be noted that Mr. Childs' car was "totaled" by State Farm, and the court assumes without
     deciding that this also casts doubt on his status as a class member in any event.

ORDER
Page - 5

certainly after the CAFA's effective date.    This case is therefore not directly analogous to *In Re Glacier Bay*, 746 F. Supp. 1379 (D. Alaska 1990) (cited by Plaintiffs), as that case involved the subsequent addition of class members damaged by a single oil spill.    The factual context of each plaintiff's claims in this case are instead separate events.

As State Farm argues, the factual context of Mr. Childs' claims are unique to him.  He is a "new, unrelated" plaintiff for purposes of Rule 15.  In order for the new action to relate back under that Rule, there must be (1) adequate notice of the new claims (2) an identity of interest between the original plaintiff and the new plaintiff; and (3) relation back must not unfairly prejudice the defendant. *See Immigran Ass. Proj. V. INS*, 306 F.3d 842 (9th Cir. 2002).

While State Farm was arguably on notice from the initial complaint that Heaphy disputed its handling of UIM diminution in value losses that complaint cannot serve as "adequate" notice of all claims on behalf of all plaintiffs who might someday fall with in the class definition.    This is particularly true where, as here, the claims of the only class representative had been fully adjudicated prior to the FAC, the new Plaintiff's claims were materially different than those of the original plaintiff, and the FAC sought to add new substantive claims on behalf of both plaintiffs.

Nor is there the required identity of interest between Childs and Heaphy (though Heaphy incorrectly claimed in the initial complaint that she owned her vehicle).  Again, the factual context of each plaintiff's claims is different, and Mr. Childs' claims are fundamentally different than the claims Ms. Heaphy actually pursued.

The third factor, prejudice, is not especially relevant in this case.  The claims are going to be litigated in any event; the only issue is the forum.    It would not be "unfairly prejudicial" to State Farm to have to litigate in state court, if the claims asserted otherwise related back to the initial complaint.

Finally, the FAC adds causes of action to the "plain vanilla" breach of contract claims originally

asserted by Heaphy on behalf of the class. Indeed, because Heaphy lost on all of her original contract claims, Plaintiffs must necessarily assert new and different claims in an effort to defeat the preclusive effect of that adverse arbitration decision.  While the extra-contractual claims do arise out of the same conduct, they are in fact separate from the claims originally asserted.

For these reasons, the FAC was "sufficiently independent of the original contentions that it must be treated as fresh litigation."  *Knudsen et at. v. Liberty Mutual Insurance Co.*, 4211 F.3d 805, 807 (7th Cir. 2005). The FAC was a new piece of litigation under CAFA, and does not relate back to the date of the under Rule 15.

The Plaintiffs' Motion to Remand this matter to the Pierce County Superior Court [Dkt. # 14] is therefore DENIED.

DATED this 15th day of August, 2005

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE