HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DENISE HEAPHY and JEFF CHILDS on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE CO. and STATE FARM FIRE AND CASUALTY COMPANY,<br><br>Defendants. | Case No.  C05-5404 RBL<br><br><br>ORDER ON MOTIONS TO DISMISS |

This is a proposed multi-state class action by plaintiffs Denise Heaphy and Jeff Childs, alleging that defendants, State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty (State Farm), failed to disclose, assess, and pay "diminished value"[1] on vehicle property damage claims involving accidents with underinsured motorists. Plaintiffs assert four causes of action: breach of contract, consumer fraud, failure to make prompt payment, and failure to promptly investigate.

State Farm has brought separate motions to dismiss the claims of each defendant. The motion against Heaphy [Dkt. #5] alleges that her claims have been resolved in an earlier arbitration which was confirmed by the Superior Court in and for Pierce County. The motion against Childs [Dkt. #7] asserts that he is bound by an arbitration clause which compels arbitration rather than litigation. For the reasons stated below, the motion as to Heaphy is **GRANTED** in part and **DENIED** in part; the motion as to Childs

---

[1] Diminished value is the difference in value of the vehicle at the time of the accident and when fully repaired.

is **DENIED** as moot.

<ins>Motion to Dismiss Standard</ins>

The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted. *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). In reviewing a Rule 12(b)(6) motion, the Court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn therefrom. *Pareto v. FDIC,* 139 F.3d 696, 699 (9th Cir. 1998). The sole issue raised by a Rule 12(b)(6) motion is whether the facts pleaded would, if established, support a valid claim for relief. Thus, no matter how improbable the facts alleged are, they must be accepted as true for purposes of the motion. *Neitzke v. Williams*, 490 U.S. 319, 328-329 (1989).

The Court may properly consider matters of public record: *e.g.,* pleadings, orders and other papers on file in another action pending in the Court. See *Mack v. South Bay Beer Distributors, Inc.,* 798 F.2d 1279, 1282 (9th Cir. 1986).

<ins>Claims of Denise Heaphy</ins>

Denise Heaphy was involved in a motor vehicle accident with an underinsured motorist on November 11, 1999. According to the decision in *Heaphy v. State Farm*, 117 Wn. App. 438 (2003):

> Her insurance company, State Farm, paid to repair the damage to her vehicle. At Heaphy's request, State Farm supplemented the initial payment. Still unsatisfied with the results, Heaphy sent State Farm a form letter entitled 'Diminished Value Suggested Correspondence,' asking State Farm to pay for 'remaining damages' on her vehicle. (citation to record omitted) State Farm responded noting that Heaphy had not provided specific diminished value items or a detailed estimate. It asked Heaphy to provide either an estimate or a detailed list of each item that was incorrectly repaired or not repaired at all. It went on, 'please provide this information at your earliest convenience so that we may properly assist you and resolve your diminished value claim.' (citation to the record omitted) Instead of supplying the information, Heaphy sued State Farm.

117 Wn. App. 438 at 440.

This abbreviated recitation of facts preceded the state appellate court's conclusion that the dispute should be referred to arbitration for the limited purpose of determining whether Heaphy suffered diminished value damages, and, if so, in what amount. The Court of Appeals reversed the trial court's refusal to order arbitration and remanded with instructions to order arbitration.

On April 14, 2005, the arbitrator granted State Farm's summary judgment. It determined that, because her car was leased, not owned, "there is no way in which Ms. Heaphy suffered any financial loss at the time

ORDER
Page - 2

of the accident due to diminished value." Order on State Farm's Motion for Summary Judgment (Exh. F to Declaraton of Peter Danelo). The Arbitrator's decision was confirmed by the Pierce County Superior Court on May 27, 2005. The Confirmation Order provided:

> Final Judgment in this case is ENTERED in favor of Defendant State Farm. Plaintiff Denise Heaphy is not entitled to recovery against State Farm under the underinsured motorist vehicle coverages in her policy, and her breach of contract causes of action are hereby dismissed with prejudice.

*Id*.

The day before the Arbitrator's award was confirmed by the Superior Court, plaintiff filed an Amended Complaint in which she reasserted her breach of contract claim, and added claims for consumer fraud, failure to promptly investigate claims, and failure to make prompt payment of claim. The Amended Complaint continued to seek certification of a nationwide class.

State Farm removed the Amended Complaint to this Court under the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (2005). Plaintiff moved to remand, which was denied by this Court [Dkt. #39].

In its motion to dismiss, State Farm relies upon principles of claim preclusion (res judicata) and issue preclusion (collateral estoppel). During oral argument, plaintiff conceded, as she must, that the arbitrator's finding that the plaintiff did not suffer diminished value damages as the result of the accident is entitled to preclusive effect. The doctrine of collateral estoppel applies to eliminate any claim that State Farm breached its contract by refusing to pay diminished value damages.[2] That claim is hereby **DISMISSED.**

The dismissal of Heaphy's breach of contract claim is not dispositive of her lawsuit, however. The Amended Complaint asserts extra-contractual claims in addition to the breach of contract claim. Those claims related to the claims handling practices employed by State Farm in its dealings with Ms. Heaphy: (a) failure to disclose facts related to diminished value, and (b) failure to promptly investigate.

State Farm argues that the breadth of the plaintiff's original complaint and the breadth of the Order

---

[2]The doctrine of collateral estoppel prevents a second litigation of <u>issues</u> between the parties, even though a different claim or cause of action is asserted. Elements include: (a) identical issues, (b) a final judgment on the merits, (c) the party against whom the plea is asserted must have been a party to or in privity with a party to the prior adjudication, and (d) application of the doctrine must not work an injustice on the party against whom the doctrine is applied. See *Shoemaker v. Bremerton*, 109 Wn.2d 504 (1987); *Rains v. State*, 100 Wn.2d 660, 668 (1983).

ORDER
Page - 3

Confirming Arbitrator's Award together operate to foreclose these claims pursuant to the doctrine of *res judicata*.[3] In her original breach of contract complaint, Heaphy included three allegations: (a) failing to disclose the right to recover inherent diminished value; (b) failing to assess the loss; and (c) failing to pay diminished value damages as required by the policy. In confirming the arbitrator's award, the Superior Court judge signed an order dismissing her breach of contract "<u>causes</u>" of action. Therefore, State Farm argues, all the current claims asserted by Heaphy were resolved by the arbitrator and Superior Court judge. In this argument, State Farm is wrong.

An arbitrator's powers are governed by the agreement to arbitrate. *Barnett v. Hicks*, 119 Wn.2d 151, 155 (1992). The ensuing award must not exceed the authority established in the agreement. *ACF Property Mgmt. Inc. v. Chaussee*, 69 Wn. App. 913, 919, review denied, 122 Wn.2d 1019 (1993). If the arbitrator exceeds her authority under the agreement, the award is deemed void and the Court has no jurisdiction to confirm it under RCW 7.04.150. *ACF*, 69 Wn. App. at 920-921. Judicial review of an arbitration award is limited to confirming, vacating, modifying, or correcting the award based solely on the grounds specified in RCW 7.04.150-170. *Barnett*, 119 Wn.2d at 156.

Here, the arbitrator was asked to answer two questions relevant under the contract between Heaphy and State Farm: (1) Did Heaphy suffer diminished value damages?, and (2) if so, in what amount? The arbitrator answered the first question in the negative thus rendering the second question moot. Nowhere in the April 19, 2005 decision did the arbitrator make any comment or draw any conclusion about the claims practices of State Farm. Indeed, State Farm agrees such a dispute is not subject to referral to arbitration.

In confirming the arbitrator's award, the Superior Court expressed no intent to modify or in any way expand upon the decision of the arbitrator in order to deal with any bad faith issues asserted by Heaphy in her original complaint. Any effort on the part of the Superior Court to issue findings and conclusions related to bad faith claims would have been entirely collateral to the arbitrator's award and would have exceeded the trial court's authority. See *Anderson v. Farmers Insurance Co.,* 83 Wn. App.

---

[3] *Res judicata* will bar a claim where there is a final resolution of the <u>claim</u>, and "identity" of (1) subject matter, (2) cause of action, (3) persons and parties, and (4) the quality of persons for or against whom the claim is made. *Davidson v. Kitsap County*, 86 Wn. App. 673, 681 (1997). Res judicata not only bars claims that were litigated but also those claims that were not litigated but should have been litigated in the prior action.

ORDER
Page - 4

725, review denied, 132 Wn.2d 1006 (1997). Because the arbitrator could not, and did not, decide more than the narrow issue stated above, *res judicata* does not bar plaintiff's extra contractual claims.

In the context of this Rule 12(b)(6) motion to dismiss, the Court cannot examine the plaintiff's extra-contractual claims on the merits. Given counsel's admission during oral argument that an insurer can be liable for damages to an insured caused by its claims handling procedures even where there is no liability on the underlying claim,[4] this Court cannot now rule as a matter of law that plaintiff's claim of harm at the hands of State Farm adjusters is without merit. A summary judgment motion should be filed by State Farm if it believes that on the record of this case, there are no genuine issues of material fact and it is entitled to judgment as a matter of law. State Farm's motion on this portion of Heaphy's complaint is DENIED.

Claims of Jeff Childs

Mr. Childs alleges in the First Amended Complaint that he was in an automobile accident with an underinsured motorist on January 22, 2005. He further alleges that although State Farm paid to repair his vehicle, it failed to pay him for the diminished value of his vehicle following repairs. State Farm decided to resolve the issue by agreeing to pay the car's actual cash value (full value) at the time of the loss (or "totaling" it). This offer came at the same time State Farm removed the action to Federal Court and demanded arbitration. Plaintiff claims that he has conditionally agreed to the "full value" offer as no release was being sought and Childs was free to continue as a plaintiff in this action with his Consumer Protection Act and unfair claims practices claims. See Plaintiff's Response to Motion to Dismiss Plaintiff Jeff Childs' Claims Pending Arbitration, 5:14-18 [Dkt. #21].

At oral argument, counsel for both parties agreed that State Farm's decision to "total" Childs' car left nothing to arbitrate under the same policy language/questions referenced above with respect to plaintiff Heaphy. Because Childs' car has been totaled, he cannot have suffered diminished value damages. His breach of contract claim is therefore no longer viable and is hereby **DISMISSED.** Childs' consumer protection act claims and unfair claims practices claims were not at issue in State Farm's motion and will reportedly be the subject of future motions practice.

---

[4] An insurer which has violated its claims handling obligations can be sued for consumer fraud, and the insured can recover extra-contractual damages when the underlying claim under the policy has been paid in full, or when the insured has suffered no damages under the policy. *Escalante v. Sentry Insurance*, 49 Wn. App. 375, 381 (1987); *Nordstrom, Inc. v. Tampourlos*, 107 Wn.2d 735, 739 (1987).

For the foregoing reasons, the breach of contract claims of Heaphy and of Childs are dismissed with prejudice. The Motion to Dismiss the consumer protection act and unfair claims practices claims of plaintiff Heaphy is **DENIED.**

Dated this 12th day of October, 2005.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE