HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DENISE HEAPHY and JEFF CHILDS on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE CO. and STATE FARM FIRE AND CASUALTY COMPANY,<br><br>    Defendants. | Case No. C05 5404RBL<br><br>ORDER DENYING GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS |

This matter is before the court on the Defendants' Motion to Dismiss Plaintiffs' Claims on the Pleadings, pursuant to the "filed rate doctrine." [Dkt. # 50]. The Motion is based on the Defendants' contention that the Plaintiffs' Initial Disclosures (initially and as amended)[1] reference, with respect to their damages claim, the premiums paid to State Farm. Defendants argue that because State Farm's premium structure, like its policy language, is submitted for approval by the Washington State Insurance Commissioner's office, the reasonableness of those rates cannot be challenged by the Plaintiffs.

Plaintiffs oppose the motion on several grounds. First, they argue that this issue has already been decided (and that the motion is therefore improper). This argument is based on the fact that the court

---

[1] Plaintiff's Initial Disclosures stated that their claimed damages for bad faith and other "extra-contractual" claims would be "determined by expert testimony and computed by comparing the cost of premiums paid by Plaintiffs for coverage denied by Defendants." Plaintiffs amended those Disclosures to state that expert testimony will be used to calculate the Plaintiffs' damages, and that the experts will "look to premiums merely as benchmarks against which Plaintiffs and the class can measure damages."

ORDER
Page - 1

previously declined to dismiss plaintiff's claims for extra-contractual damages. [*See* Order at Dkt. #45]. Second, they argue that the they are not (or are no longer) asserting a "cost of premiums" claim, and that the Motion relies on the court's accepting Defendant's premise that that is the basis for all of Plaintiffs' extra-contractual claims. Plaintiffs' third argument, that the motion is moot in light of their amended disclosures, is related. Finally, Plaintiffs argue that even if their claims can be characterized as "premium based," the filed rate doctrine does not apply to such claims.

### 1. Standard governing Defendants' motion to dismiss.

This Motion is brought pursuant to Fed. R. Civ. P. 12(c), for judgment on the pleadings. Such a Motion may only be granted when the pleadings show beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. All inferences reasonably drawn from the facts are to construed in favor of the non-moving party.

### 2. Effect of the court's Prior Rulings.

As an initial matter, it is clear from the prior motions, the oral argument upon them, and the Court's prior order, that the scope of the Plaintiffs' extra-contractual claims and the damages, if any, arising from them, were not previously determined. It is true that defense counsel "previewed" this issue at the oral argument, and cited the filed rate doctrine as a defense to the Plaintiffs' extra-contractual claims. It is also true that the court stated that it would "look at" the case cited then, and discussed at length in this motion, *Hardy v. Claircom Communications Group, Inc*. 86 Wn. App. 488 (1997). It is not true that the Order can be read to adjudicate this issue, or that it was intended to do so. Instead, the court ruled, on the motion before it (and consistent with counsel's concession that extra contractual claims could at least theoretically survive a determination of no coverage), that the prior Motion to Dismiss should not be granted in its entirety. It did not and did not intend to foreclose the possibility of future motions refining the scope of the remaining extra-contractual claims.

In short, the prior motion and the prior rulings do not preclude this motion.

### 3. Applicability of the Filed Rate Doctrine to Insurance Premiums.

Leaving aside for the moment the composition of the Plaintiffs' extra-contractual damages claims, it is clear to the court that any claims based on the reasonableness of the premiums charged are precluded by the filed rate doctrine. There is ample authority in this and other jurisdictions to the effect that the reasonableness of a rate cannot be challenged where that rate was required to be (and was) filed with a regulatory agency

1  authorized to review it. *See,* for example, *Hardy, supra*. This is true in a number of contexts, from power to
2  shipping to communications – all industries that are fairly heavily regulated.

3  In *Hardy*, the Washington Court of Appeals held that a challenge to a cellular provider's practice of
4  "rounding up" air time minutes could not be challenged if and to the extent that challenge required the court
5  or the jury to address the underlying reasonableness of the rates charged – rates which were filed with the FCC
6  and which were subject to that agency's regulatory oversight. *Id.*, 86 Wn.App. at 490. This was true because
7  to "retroactively alter" a filed rate would violate both principles underlying the doctrine: (1) the
8  "nonjusticiability" of the rate (which preserves the regulatory agency's ability to determine the reasonableness
9  of the rates, and to ensure that those rates are charged); and (2) the "nondiscrimination" principle, which
10 ensures against price discrimination. *See also Tenore v. AT&T Wireless Services, Inc.*, 136 Wn.2d 322
11 919980, *cert. denied*, 525 U.S. 1171 (1999).

12 The policy behind these holdings is applicable to the insurance industry and to the premiums charged
13 for what are in most cases "form" policies approved for use in a given jurisdiction by an agency such as the
14 Insurance Commissioner in this state. The court is therefore persuaded by the reasoning of cases such as *Korte*
15 *v. Allstate Ins. Co.*, 48 F. Supp.2d 647 (E.D. Texas 1999), that the filed rate doctrine applies to the insurance
16 industry. Thus, the filed rate doctrine precludes plaintiff from asserting "cost of premiums" or other premium
17 based extra-contractual claims.

18 Furthermore, Defendants' argument that the filed rate doctrine also bars claims based on the "practices"
19 related to the rates (or premiums) charged is correct. For this reason, the doctrine precludes Plaintiffs from
20 claiming extra-contractual damages based on the "practices" related to the premiums charged. *See AT&T v.*
21 *Central Office Telephone, Inc.*, 524 U.S. 214 (1998).

22 **4.   Plaintiffs' Extra Contractual Damage Claims.**

23 This conclusion does not, however, entirely end the inquiry with respect to the plaintiffs' extra-
24 contractual claims. As the court and the parties discussed at some length at oral argument, there are a variety
25 of extra-contractual damages theoretically available even if the absence of coverage under the policy. Premium
26 based claims would, but for the filed rate doctrine, fall into this category. However, as discussed above, they
27 are not available. The Plaintiffs' Complaint can be read (under Rule 12(c)) to assert other extra contractual
28 claims. Those claims (attorneys fees, bad faith, etc.) are not the subject of the Motion and are not foreclosed
   by the filed rate doctrine.

1   Therefore, the Court rules as follows:

2   1.   Defendants' Motion to Dismiss on the Pleadings [Dkt. #50]  all claims based on the cost of
3        premiums paid, including "practices" associated with the premiums charged, is GRANTED.
4   2.   Plaintiffs' remaining extra-contractual damage claims are not impacted by this Order.

5   The clerk is directed to send uncertified copies of this Order to all counsel of record.

7   DATED this 2nd day of February, 2006

        _____
        RONALD B. LEIGHTON
        UNITED STATES DISTRICT JUDGE

ORDER
Page - 4