HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DENISE HEAPHY and JEFF CHILDS on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE CO. and STATE FARM FIRE AND CASUALTY COMPANY,

Defendants.

Case No. C05 5404RBL

ORDER ON DEFENDANTS' MOTION TO DISMISS CLASS ALLEGATIONS

This matter is before the court on the Defendants' Motion to Dismiss on the Pleadings Plaintiffs' Class Allegations. [Dkt. # 53].

State Farm argues that Plaintiffs Heaphy and Childs lack standing to assert class allegations. They argue that, in light of the court's prior dismissal of the Plaintiffs' "core" breach of contract claims, the Plaintiffs are not members of the class, and cannot allege the same injury as the members of the class they purport to represent. They also argue that even if the Plaintiffs do have standing to assert allegations on behalf of the class, they do not meet Rule 23's separate requirements of "typicality" and "adequacy," based on the fundamentally different sorts of claims and damages asserted by the named plaintiffs on the one hand and by the class on the other.

In Response, Plaintiffs argue first that the Motion is premature, and seek a continuance of the Motion so that they can conduct discovery into the issues regarding their class allegations raised by the motion. The court will not continue the motion. As the State Farm points out, the purpose of Rule 12 is to permit parties

ORDER
Page - 1

to challenge the sufficiency of the pleadings without the need for expensive and time consuming discovery and further motions practice. Indeed, it is for this reason that the Rule 12 standard is a liberal one from the plaintiffs' perspective.

Substantively, Plaintiffs argue primarily in response that State Farm sought to "pick off" Plaintiff Childs by paying him the full (or more than full) amount of his damages, in an effort to undermine his ability to represent the class. They argue that such an effort cannot defeat standing, because to rule otherwise would permit the Defendant to "short circuit" the class action and repeatedly evade review of State Farm's actions. Additionally, Plaintiffs argue that State Farm's arguments under Rule 23 are an improper attempt to argue now the merits of their motion for class certification[1]. They appear to claim that the sufficiency of their class allegations should be evaluated as of the time of their Amended Complaint.

Finally, Plaintiffs seek leave to amend or to allow intervention of additional class representatives following class discovery, under Rule 23(d)(2).

**1.    Rule 12 Standards for Motions on the Pleadings.**

This Motion is brought pursuant to Fed. R. Civ. P. 12(c), for judgment on the pleadings. Such a Motion may only be granted when the pleadings show beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. All inferences reasonably drawn from the facts are to construed in favor of the non-moving party.

**2.    The Plaintiffs' Standing to assert class allegations.**

In order to have standing to represent the interests of a class of plaintiffs, the named class representative "must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *See Pence v. Andrus*, 586 F.2d 733, 736 (9th Cir. 1978). It is also clear that with some inapplicable exceptions, a named class representative must be a member of, and suffer the same injury as, the class he purports to represent. *See* Fed. R. Civ. P. 23(a).

State Farm argues that neither Plaintiff can meet this standard, that neither named Plaintiff is a member of the class they seek to represent, and that as a result neither has standing to assert class allegations. The bulk

---

[1] Plaintiffs apparently take the position that their Motion to Certify the Class is pending, though the basis for that position is not clear. The Motion is not on this Court's Docket, noted or otherwise, and according to the Defendants it has never been served. Even if it was filed in the state court, it has not been re-noted here since the case was removed to this court in June 2005.

ORDER
Page - 2

of Plaintiffs' response deals with State Farm's assertion that its payment of full value to Plaintiff Childs makes his claim moot, removing him from the proposed class, and leaving the class without a representative, thus leading to the dismissal of Plaintiff Childs' class allegations.

It is generally settled that "once a class has been certified, mooting a class representatives claim does not moot the entire class action because the class acquires a legal status separate from the interest asserted by the named plaintiff." *See Weiss v. Regal Collections,* 385 F.3d 337, 342 (3rd Cir. 2004) (internal citations omitted). On the other hand, if the claims of a named plaintiff are resolved before the court certifies a class, the entire action is mooted[2]. *See Comer v. Cisneros*, 37 F.3d 775 (2nd Cir. 1994).

Between these extremes, there is authority that class allegations can survive the mooting of a named representative's claim after a Motion to Certify the class has been filed, but prior to resolution of that motion. In such a case, the rationale is that the class certification motion "relates back" to the date of the complaint. *See Weiss, supra; Eckert v. The Equitable Life Assurance Society*, 227 F.R.D. 60, 63 (E.D. NY. 2005)(noting the tension between Rules 23 and 68). Finally, under some authority, mooting a representative's individual claims may not moot the entire action if the plaintiff did not have a realistic and reasonable opportunity to seek certification before the claim was made moot. *Id.* at 64. In such a case, the issue is whether there has been "undue delay" in seeking certification. In *Eckert*, the fact that the defendants had not yet filed an answer prior to the time the individual plaintiff's claim was settled (and made moot) was a significant factor in the conclusion that the claims survived the plaintiff's settlement.

In this case, there is not before this court a motion to certify the class. The Plaintiffs argue that they filed a motion in state court in May of 2005, prior to removal of this action, though there is no evidence it was served or noted for hearing. The case was removed in June of 2005. The Defendants filed their Answer in October of 2005. To date, this court has not been asked to certify the class proposed by the Plaintiffs.

---

[2] Citing a number of cases including *Weiss, supra,* Plaintiffs argue that "an offer of settlement for the full amount of a class representative's damages before a motion for class certification is filed will not moot the class representative's claim." However, that case and the others cited instead hold that there are exceptions to the general rule, most involving an Offer of Settlement in the Rule 68 context, where there was not a reasonable opportunity to seek certification prior to the offer. Here, the payment made to Childs was not done in the context of a Rule 68 Offer, but was instead (as the Plaintiffs apparently concede) an exercise of State Farm's contractual right to "total" Mr. Childs' vehicle. Mr. Childs was added as a plaintiff in the Amended Complaint filed on or about May 24, 2005, four months after his accident. Apparently, Mr. Childs' car was totaled – the very relief he sought – by State Farm on June 14, 2005. [*See* amended complaint, Dkt. #2 at Ex. 1; Dkt. #8 at Ex. B]. By that date, Plaintiffs had prepared, and sought to file (but not to serve or note) their Motion for Class Certification.

ORDER
Page - 3

1    Plaintiffs argue primarily that State Farm should not be permitted to "pick off" class representatives
2  by paying them the maximum value of their claims, thus avoiding and undermining a class action against them.
3  They rely in large part on *Weiss*, *supra*, which (like the bulk[3] of the cases cited) involved a Rule 68 Offer of
4  Judgement – something which was not utilized in this case.

5    The rationale for the "relation back" applies where the claims are "so transitory that the trial court will
6  not have enough time to rule on a motion for certification before the individual's interest expires." *Weiss* at
7  346. In such cases, the putative class is subject to change in a relatively short period of time. An example of
8  such a claim is the claim of a short term jail detainee; claims arising from poor treatment and the like are
9  "inherently transitory" because each claimant's interest in the action is likely to expire before a court could rule
10 on the class allegations.

11   As State Farm argues, the "core" diminished value/breach of contract claims at issue in the class
12 allegation portion of this case are not of such limited duration. In short, the cases supporting "relation back"
13 of class allegations (and the corresponding survival of standing despite the mootness of the representative's
14 claim) involve facts significantly different than those present here. The claims are not inherently transitory and
15 the "settlement" at issue was not involuntary and was not made in the Rule 68 context.

16   Furthermore, and in any event, there is another line of authority contrary to *Weiss* and cases like it,
17 holding that the mootness of a representative individual's claims does in fact defeat his standing to assert class
18 allegations. *See*, for example, *Holmes v. Pension Plan of Bethlehem Steel*, 213 F.3d 124 (3rd Cir. 2000).

19   For these reasons, the court concludes that Mr. Childs' breach of contract claim was made moot by
20 State Farms acceding to his demands and "totaling" his car, and he therefore does not have standing to assert
21 the class allegations made in the Amended Complaint.

22   Plaintiff Heaphy similarly does not have standing to assert the class allegations. Her breach of contract
23 claim has been dismissed (rather than mooted by full payment) , and she (like Mr. Childs) has not and cannot
24 allege the same interest or injury as the class she purports to represent. *See Lierboe v. State Farm Mutual*
25 *Auto Insurance Co.*, 350 F.3d 1018 (9th Cir. 2003). Her remaining claims are for a limited sort of extra-
26 contractual damages only; like Mr. Childs, she is not a member of the class seeking to assert "core" breach of

---

28   [3]As state Farm points out, the line of cases relied upon by the Plaintiffs involve "involuntary" settlements, Rule 68 Offers of settlement, transitory claims capable of repetition without review, and/or cases where a Motion for Class Certification was pending but undecided at the time the individual's claim became moot. This case does not have any of these attributes.

contract claims with respect to State Farm's failure to pay diminished value.

### 3. The Plaintiffs' Typicality and Adequacy under Rule 23.

State Farm argues that even if the Plaintiffs can meet the standing requirement, their class allegations are subject to dismissal under Rule 12(c) because they cannot, as a matter of law, meet Rule 23's requirements of typicality and adequacy. Plaintiffs object to what they claim is an attempt to argue at the pleading stage the merits of a class certification motion.

It is true that under different circumstances, a Rule 12 Motion might be a premature or improper way to preclude class certification. Because such a motion looks only to the allegations of the plaintiff's complaint, the factual and legal sufficiency of those allegations might be better tested on a fuller record. This, however, is not such a case. The parties and the court thoroughly explored the sufficiency of the individual's plaintiffs' breach of contract claims, and those claims were dismissed. It has been established that breach of contract claims under the State Farm policy must be arbitrated.

The Court can, therefore, meaningfully review the Plaintiffs' class allegations at this stage to determine whether these named plaintiffs meet Rule 23(a)(3) and (4)'s requirements of typicality and adequacy, respectively. State Farm cites a number of cases from other jurisdictions supporting its claim that these deficiencies can be addressed at the Rule 12 pleading stage. *See*, for example, *Besette v. Avco Financial Services*, 279 B.R. 442 (D.R.I. 2002).

Rule 23(a)(3) requires that "the claims of defenses of the class representative must be typical of the claims or defenses of the class." Typicality focuses on the similarity between the named plaintiffs' legal and remedial theories and the legal and remedial theories of those they purport to represent. *See Lightbourn v. County of El Paso, Texas*, 118 F.3d 421, 426 (5th Cir. 1998). To meet this requirement, the named plaintiff must be a member of the class. It is clear that Childs and Heaphy are not members of the classes asserting claims in the amended complaint. Their legal and remedial theories – for extra-contractual damages only – are fundamentally different from, if not antagonistic to, the contractual claims of the class. Their claims are not typical and they have not and cannot meet the Rule 23(a)(3) requirement.

Rule 23(a)(4) requires that the interests of the class are fairly and adequately protected by the class representatives. While it has been demonstrated that the Plaintiffs in this case are "motivated" to assert the class claims, it is equally clear that they cannot pursue on the class' behalf their core breach of contract claims. For this reason, the individual plaintiffs' representation is not adequate under the Rule. For this reasons as

well, the class allegations should be dismissed under Rule 12(c).

**4.    Amendment and or Subsequent Intervention.**

Finally, Plaintiffs seek to avoid dismissal of the class action aspect of this case by asking for class discovery and leave to amend their complaint or to permit subsequent intervention of named plaintiffs who can represent the class. They do not provide legal support for this course, and as State Farm argues, permitting a class action to continue without a named representative would turn the requirements of Rule 23 and the rationale of the cases discussed above "on their head."

Furthermore, and more importantly, any theoretical future plaintiff would in all likelihood face the one fatal problem faced by the plaintiffs here: the State Farm contract requires the arbitration of claims involving diminished value. Thus, any such amendment or intervention would be futile. The Court will not, therefore keep this matter "alive" pending the location and subsequent intervention of a plaintiff without the deficiencies described herein.   Plaintiffs' request for additional time for this purpose is Denied.

Therefore, the Court rules as follows:

The Defendants' Motion to Dismiss [Dkt. #53] is GRANTED. Plaintiffs' class allegations are DISMISSED with prejudice and without leave to amend under Rule 12(c), because they do not have standing and because they do not meet Rule 23's requirements for typicality and adequacy. The parties are invited to address the impact of this decision on the court's continuing jurisdiction over the remaining parties and claims in the case.

The clerk is directed to send uncertified copies of this Order to all counsel of record.

DATED this 8th day of February, 2006

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE